**CIVIX–DDI, LLC, Plaintiff–Appellant,**

v.

**MICROSOFT CORPORATION, and Zip2 Corporation, and Infoseek Corporation, and InfoUSA, Inc., and Excite, Inc., Defendants–Appellees,**

and

**Delorme Publishing Company, Inc. (doing business as Delorme Mapping Company), Defendant,**

and

**Lycos, Inc., Defendant–Cross Appellant.**

No. 00–1457, 01–1021.

United States Court of Appeals, Federal Circuit.

Aug. 22, 2001.

Before MAYER, Chief Judge,
PAULINE NEWMAN and RADER,
Circuit Judges.

PER CURIAM.

CIVIX–DDI, LLC ("CIVIX") appeals the judgment of the United States District Court for the District of Colorado granting motions for summary judgment that the following companies' products do not infringe the following claims of CIVIX' United States Patent Number 5,682,525 (" '525 patent"): Microsoft Corporation ("Microsoft"), Claims 1, 7, 14, 15, 17, 23 and 24; InfoUSA, Inc. ("InfoUSA"), Claims 1, 14, 15, 17, 23 and 24; Zip2 Corporation ("Zip2"), Claims 1, 7, 14, 15, 17, 23 and 24; Infoseek ("Infoseek"), Claims 1, 7, 15, 17, 24 and 26; Lycos, Inc. ("Lycos"), Claims 1, 7, 15, 17, 24 and 26; and Excite, Inc. ("Excite"), Claims 1, 7, 14, 15, 17, 23, 24 and 26. *See CIVIX–DDI, LLC v. Microsoft Corp. et al.*, No. 99–CV–172 (D.Colo. Jan. 24, 2000) ("*CIVIX* slip op."). Lycos cross-appeals the district court's holding declining to deem CIVIX' suit against Lycos exceptional under 35 U.S.C. § 285. *See CIVIX–DDI, LLC v. Microsoft Corp., et al.*, No. 99–CV–172 (D.Colo. Mar. 27, 2000). Because the court properly construed the claims of the '525 patent and summary judgment is appropriate, we *affirm.* We also affirm the judgment on the cross-appeal because the court's determination that the case was not exceptional is not in clear error.

■ The primary claims terms at issue are "positional coordinates," "identification of a position" and "relative to" in independent claims 1, 17 and 26. The patent's specification (together with the plain language of the claims and the prosecution history) mandates the court's construction of "positional coordinates" as "a set of coordinates defining a single reference point within a corresponding geographic vicinity which operates to determine the corresponding geographic vicinity." *CIVIX* slip op. at 35. CIVIX argues that the

term should be construed to refer to any "collection of values sufficient to identify a vicinity ...". This argument reads out the word "coordinates" in the claim, and is contrary to the repeated language and examples in the specification and the claims stating that the positional coordinates represent a single location, within a vicinity. (*See* '525 patent, col. 5, II. 16,17 ("[T]he positional coordinates locate one location within the geographic vicinity ..."); col. 8, II. 36–38 (stating that figure 4A "illustratively shows the positional coordinates ... for each vicinity..." and depicting geographic vicinities each centered around positional coordinates)). Figures 3A and 3B are limited to the user display and do not correspond to the "positional coordinates" limitation of the claims. The Semple letter in the file history, which the inventor with counsel chose to include in the '525 patent's public record, further confirms this construction.

■ Similarly, the district court also properly construed the term "relative to" ("identification of a position ... relative to the positional coordinates and other items of interest ... ") to denote that the "information transmitted to a user of the system displays the items of interest only relative to the positional coordinates" in an internal grid system, as opposed to absolutely, such as by reference to that item of interest's latitude and longitude. *CIVIX* slip op. at 40. The prosecution history, together with the claims language, require this construction. CIVIX amended independent claims 1, 17 and 26 by adding the limitation "relative to" in order to overcome an examiner's rejection for indefiniteness, which stated that "the position of an ... item ... can be absolute or relative. If the position is meant to be relative it is necessary to distinctly point out the relativity."

CIVIX argues this construction renders the GPS embodiment unworkable, because the system would have to store nearly an infinite number of positional coordinates for each item of interest to allow for continuous redefinition, and because, by referring to a GPS system, the specification implicitly references the use of a system such as latitude and longitude to define a position. However, as the district court's opinion thoroughly discussed, the prosecution history, the overall structure of the specification and the appended source code (which only provides for the user to select a pre-defined area of interest, and not define the positional coordinates himself), as well as the extrinsic evidence, all lead to the conclusion that the claims identify the position of the item of interest in relation to an arbitrary reference point, not by its "absolute" location in a generally accepted coordinate system. There is no indication in the record that the GPS embodiment stores or transmits location using latitude and longitude. Even if there were, the GPS embodiment was described prior to the claim amendment, and remained in the specification without modification. If the GPS embodiment uses absolute positioning, it falls outside the amended claims and is dedicated to the public. Moreover, as further discussed below, even if CIVIX' claims encompassed the use of latitude and longitude as positional coordinates, defendants' systems still would not infringe because they do not locate each item of interest through "positional coordinates" of a reference point other than that of the item of interest searched by the user, and they do not locate their geographic vicinities by reference to such positional coordinates.

■ Finally, the considerations requiring the construction of the above two terms together mandate the construction of the term "identification of a position" as "coordinates defining a location using the positional coordinates of the vicinity as a reference." *CIVIX* slip op. at 41.

■ A claim is literally infringed when the accused device literally embodies each limitation of the claim. Under the present claims construction, no genuine issue of material fact remains. The evidence CIVIX offers to argue that defendants' services meet the "relative to" limitation (the McKinley Declaration), merely rehashes CIVIX' claims construction arguments. CIVIX further fails to produce evidence that the defendants store and/or transmit a separate set of "positional coordinate" data for each item of interest, or that they locate their geographic vicinities by reference to an independent set of positional coordinates. It offered no evidence of the operational aspects of the defendants' database and transmission system, relying upon user display "screen shots" and the conclusory Semple expert declaration, which was based on inferences from the systems' user display. Instead, as the district court found, the defendants offered uncontroverted evidence that their systems do not operate in such a manner. The geocoded data and street addresses defendants use to locate an item of interest are not "positional coordinates" because the claim specifically requires that the location of the items of interest be defined "relative to" the positional coordinates, which by definition locate a point other than that of the items of interest searched by the user.

Because we affirm the district court's holding that there is no direct infringement of the '525 patent, there can be no inducement to infringe or contributory infringement. Moreover, we will not consider CIVIX' belated request for consideration under the doctrine of equivalents. The district court put CIVIX on notice that the summary judgment hearing would be comprehensive, and that CIVIX should present any arguments it had under the doctrine of equivalents. CIVIX had ample opportunity to argue equivalents, and to respond to the arguments made by Lycos (at minimum). It waived its opportunity to do so.

■ Finally, on the cross appeal, Lycos' arguments that the court erred in failing to deem CIVIX' case against Lycos exceptional do not demonstrate clear error, and are addressed by the considerations cited in the district court's opinion. With respect to United States Patent No. 4,974,-170, CIVIX did dispute whether the "user station" limit required a fixed public structure such as a kiosk. Moreover, in its own discovery, CIVIX identified as accused services the Lycos features, "Yellow Pages," "Cities," "People," and "Road Maps," and pursued further specific discovery in correspondence with Lycos' counsel.

With respect to the '525 patent, Lycos asserts that CIVIX acted in bad faith by pursuing its claims against Lycos even after it adopted a claims construction under which Lycos could not infringe. However, as the district court stated, the "relative positioning" issue arose relatively late in the proceedings. The concessions that Lycos argues were determinative in demonstrating CIVIX' bad faith were made in the summary judgment papers and hearing, and do not justify reversing the lower court to deem the case exceptional.